**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

CHRISTOPHER P. HANNEY,

    Plaintiff,

-vs-                                                        Case No.  8:13-cv-2928-T-30MAP

MOISES GARCIA, et al.,

    Defendants.
_____/

**ORDER**

Before the Court is the *pro se* prisoner Plaintiff's civil rights complaint against Defendants Detective Moises Garcia and Sheriff David Gee of the Hillsborough County Sheriff's Office, and Nurse "Jane Doe" who worked at Tampa General Hospital on the date of the incident that is the subject of this litigation. The complaint alleges that on November 17, 2009, Plaintiff was attacked at his home by both his wife and another man, and he sustained a stab wound to his abdomen. Plaintiff was airlifted to Tampa General Hospital. While Plaintiff was receiving medical care at the hospital, Det. Garcia asked Nurse Doe what medication Plaintiff had received. Nurse Doe informed Det. Garcia that Plaintiff did not receive any medication. Subsequently, Det. Garcia obtained information from Plaintiff's medical chart. Thereafter, Det. Garcia arrested and obtained statements from Plaintiff, which apparently were used against him during his state criminal trial.

Plaintiff alleges that Defendants' actions violated his rights under the Health Insurance Portability and Accountability Act of 1996 ("HIPAA").[1] As relief, Plaintiff seeks a declaratory statement "that 'all' parties involved contributed to Plaintiffs [sic] harm," and monetary damages.

## STANDARD OF REVIEW

The Court has examined the complaint in accord with 28 U.S.C. § 1915A. In pertinent part, § 1915A provides:

    (a)    Screening.--The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

    (b)    Grounds for dismissal.--On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –

        (1)    is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

        (2)    seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. The language of the statute does not distinguish between prisoners who proceed *in forma pauperis* and those who pay the requisite filing fee. The procedure required by § 1915A is, by its terms, a screening process to be applied *sua sponte*. *See id.* The Court finds, for reasons set forth *infra*, that the complaint should be dismissed without prejudice

---

[1] *See* 45 C.F.R. § 164.502.

pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

The phrase "fails to state a claim upon which relief may be granted" has the same meaning as the nearly identical phrase in Federal Rule of Civil Procedure 12(b)(6). *See Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997) ("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6), and we will apply Rule 12(b)(6) standards in reviewing dismissals under section 1915(e)(2)(B)(ii)."). That is, although the complaint need not provide detailed factual allegations, there "must be enough to raise a right to relief above the speculative level," and the complaint must contain enough facts to state a claim that is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

## DISCUSSION

Plaintiff's complaint does not state a claim for relief that is "plausible on its face" because the HIPAA statute does not provide a private right of action. *Sneed v. Pan Am. Hosp.*, 370 Fed. App'x 47, 50 (11th Cir. 2010) (finding that "HIPAA contains no express provision creating a private cause of action" and "declin[ing] to hold that HIPAA creates a private cause of action. . .or rights that are enforceable through [42 U.S.C.] § 1983."); *Crawford v. City of Tampa*, 397 F. App'x 621, 623 (11th Cir. 2010) ("[W]e agree that no private right of action exists under the Health Insurance Portability and Accountability Act."). Consequently, the complaint must be dismissed.

**Leave to Amend**

The dismissal, however, is without prejudice to Plaintiff filing an amended complaint. *See Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991) ("Where a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice."). Therefore, within **thirty (30) days** from the date of this Order, Plaintiff may submit an amended complaint to attempt to allege a cognizable claim under § 1983. The Clerk of Court will mail Plaintiff a court-approved form to use for filing an amended complaint. If Plaintiff fails to use the court-approved form, the Court may strike the amended complaint and dismiss this action without further notice to Plaintiff.

Plaintiff must clearly designate on the face of the document that it is the "Amended Complaint." The amended complaint must be retyped or rewritten in its entirety on the court-approved form and may not incorporate any part of the original complaint by reference. **The amended complaint supersedes the original complaint, and all claims must be raised in the amended complaint.**

Plaintiff *must* limit the allegations in his amended complaint to claims related to the claims asserted in the original complaint, and name as Defendants only those persons who are responsible for the alleged constitutional violations. Plaintiff must place Defendants' names in the style of the case on the first page of the civil rights complaint form, and include their addresses and employment positions in the "Defendants" section of the form. In the statement of facts, Plaintiff should clearly describe how each named Defendant is involved

in each alleged constitutional violation, alleging the claims as to each Defendant in separately numbered paragraphs and including specific dates of, and facts regarding, the alleged illegal acts. In the section entitled "Statement of Claims," Plaintiff must state what rights or statutes he contends have been violated, and he must provide reference to the facts supporting the claimed violations. Finally, in the "Relief Requested" section, Plaintiff shall identify the form of relief he seeks from this Court.

ACCORDINGLY, the Court **ORDERS** that:

1. Plaintiff's complaint (Dkt. 1) is **DISMISSED** without prejudice to Plaintiff filing an amended complaint.

2. The **Clerk of Court** is directed to mail with Plaintiff's copy of this Order a court-approved form for filing a civil rights complaint. This case number should be written on the form.

3. Plaintiff has **thirty (30) days** from the date of this Order to file an amended complaint, submitted on the court form, in compliance with this Order.

4. If Plaintiff fails to file an amended complaint within 30 days, this action will be dismissed without prejudice.

**DONE** and **ORDERED** in Tampa, Florida on December 23, 2013.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc
Copy furnished to:
*Pro se* Plaintiff