FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

2014 MAR 14 AM 11:21

CLERK US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

## PROPOSED SUPPLEMENTAL COMPLAINT

**CHRISTOPHER P. HANNEY**
Plaintiff

VS.                        CASE NO. 8:13-cv-2928-T-30 MAP

Hon. JAMES S. MOODY, JR.

**MOISES GARCIA, et al.**
Defendants

COMES NOW, the Plaintiff, Christopher P. Hanney, pro se, in accordance with Fed.R.Civ.P. 15(d), with this Proposed Supplemental Complaint, with the two additional parties listed as Defendants to the Complaint, and requesting this Honorable Court to accept this Proposed Supplemental Complaint as granted and allow the Plaintiff to enter his Completed Motion of Amended Complaint into the record as well. The two additional Defendants are as follows:

1. Sheriff's Deputy, Victor M. DeJesus-Miranda, on November 17, 2009, of the Hillsborough County Sheriff's Office, while in his Individual and Official Capacity, and acting under color of state law, violated Plaintiff's rights secured by the U.S. Const. on three separate occasions:

(1)

First time was where Deputy DeJesus-Miranda obtained Plaintiff's confidential medical information from medical chart number 17109406 from an area in the hospital, without warrant, subpoena, and notice to the Plaintiff; Second time was when Deputy DeJesus-Mirand questioned medical staff and obtained confidential information pertaining to pain control medication given to Plaintiff, without warrant, subpoena, and notice to the Plaintiff.

Third time was when Deputy DeJesus-Miranda secured by handcuffs of the Plaintiff to the bed, placing him automatically in custody, and without the benefit of being read his rights until three hours afterwards, yet obtaining statements to use against the Plaintiff in a criminal action where circumstantial evidence the police had would not have been sufficient to convict Plaintiff. Deputy DeJesus-Miranda was not acting in good faith by illegally obtaining confidential information, statements, and illegal custody restrains placed on the Plaintiff.

2. Chaplain, Miguel Santamaria, on November 17, 2009, as an employee of Tampa General Hospital, while in his Individual and Official Capacity, and acting under color of state law, violated the Plaintiff's rights secured by the U.S. Const. when he gathered information from the Plaintiff that was considered confidential communications by the Plaintiff to a member of the clergy in his capacity as spiritual adviser. Plaintiff was not informed that his communications with

Chaplain, Miguel Santamaria would be disclosed to the police by a member of the clergy, when Chaplain, Miguel Santamaria was interviewed on tape by the police, submitted a written report to the police, and testified against the Plaintiff in a criminal action. Chaplain, Miguel Santamaria was not acting in good faith by pretence of being a member of the clergy when he acted as an agent for the state in a criminal action against the Plaintiff.

MARCH 12, 2014
_____
Date

Respectfully Submitted, _____
CHRISTOPHER HANNEY

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT

Signed this 12 day of MARCH, 2014.

_____
CHRISTOPHER HANNEY

I declare under penalty of perjury that this complaint was delivered to prison officials for mailing the 12 day of MARCH, 2014.

(3)

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

__TAMPA__ Division

PLAINTIFF'S COMPLETED MOTION OF AMENDED COMPLAINT
CIVIL RIGHTS COMPLAINT FORM

CHRISTOPHER P. HANNEY
D.O.C.# T76752

CASE NUMBER: 8:13-CV-2928-T-30MAP
(To be supplied by Clerk's Office)

(Enter full name of each Plaintiff and prison number, if applicable)

v.

MOISES GARCIA, et al.

(Enter full name of each Defendant. If additional space is required, use the blank area directly to the right).

FILED 2014 MAR 14 AM 11:21

ANSWER ALL OF THE FOLLOWING QUESTIONS:

I. PLACE OF PRESENT CONFINEMENT: MARION CORRECTIONAL INSTITUTION, P.O. Box 158, LOWELL, FLORIDA, 32663
(Indicate the name and location)

II. EXHAUSTION OF ADMINISTRATIVE REMEDIES: Exhaustion of administrative remedies is required prior to pursuing a civil rights action regarding conditions or events in any prison, jail, or detention center. 42 U.S.C. § 1997e(a). Plaintiff is warned that any claims for which the administrative grievance process was not completed prior to filing this lawsuit may be subject to dismissal. Not Applicable, Plaintiff's civil rights were not violated in jail, Prison, or a Detention Center.

III. PREVIOUS LAWSUITS:
Not Applicable

DC 225 (Rev 2/2012)                1

A. Have you initiated other lawsuits in state court dealing with the same or similar facts involved in this action or otherwise relating to your imprisonment or conditions thereof? Yes ( ) No (✓)

B. Have you initiated other lawsuits in <u>federal court</u> dealing with the same or similar facts involved in this action or otherwise relating to your imprisonment or conditions thereof? Yes ( ) No (✓)

C. If your answer to either A or B is YES, describe each lawsuit in the space provided below. If there is more than one lawsuit, describe all additional lawsuits on a separate piece of paper, using the same format as below.

 1. Parties to previous lawsuit:

    Plaintiff(s): **Not Applicable**

    Defendant(s): **Not Applicable**

 2. Court (if federal court, name the district; if state court, name the county):

    **Not Applicable**

 3. Docket Number: **Not Applicable**

 4. Name of judge: **Not Applicable**

 5. Briefly describe the facts and basis of the lawsuit: **Not Applicable**

 6. Disposition (Was the case dismissed? Was it appealed? Is it still pending?): **Not Applicable**

 7. Approximate filing date: **Not Applicable**

 8. Approximate disposition date: **Not Applicable**

D. Have you initiated lawsuits or appeals from lawsuits in federal court that have been dismissed as frivolous, malicious or for failure to state a claim upon which relief may be granted? If so,

identify these suits below by providing the case number, the style, and the disposition of each case: **Not Applicable**

IV. PARTIES: In part A of this section, indicate your full name in the first blank and your full mailing address in the second blank. Do the same for each additional Plaintiff named in the Complaint (if any) in part B of this section:

A. Name of Plaintiff: **CHRISTOPHER PETER HANNEY**

Mailing address: **Marion Correctional Institution, P.O. Box 158, Lowell, FL 32663**

B. Additional Plaintiffs: **Not Applicable**

In part C of this section, indicate the **full name** of the first named Defendant. Also, fill in his or her mailing address, position, and where he or she is employed. For any additional Defendants, use parts D through G of this section for the names, addresses, positions and places of employment:

C. Defendant: **MOISES GARCIA**

Mailing Address: **C/o Hillsborough County Sheriff's Office, P.O. Box 3371, Tampa, FL 33601-3371**

Position: **Detective**

Employed at: **Hillsborough County Sheriff's Office**

D. Defendant: **Victor M. DeJesus-Miranda**

Mailing Address: **C/o Hillsborough County Sheriff's Office, P.O. Box 3371, Tampa, FL 33601-3371**

DC 225 (Rev 2/2012)                                    3

Position: Sheriff's Deputy

Employed at: Hillsborough County Sheriff's Office

E. Defendant: DAVID GEE

Mailing Address: c/o Hillsborough County Sheriff's Office, P.O. Box 3371, Tampa, FL 33601-3371

Position: Hillsborough County Sheriff

Employed at: Hillsborough County Sheriff's Office

F. Defendant: TAMPA GENERAL HOSPITAL, Board of Directors/Administrators

Mailing Address: P.O. Box 1289, Tampa, FL 33606
1 TAMPA GENERAL CIRCLE

Position: Board of Directors/Administrators of Emergency Room Rules & Regulations

Employed at: Tampa General Hospital

G. Defendant: Miguel Santamaria

Mailing Address: c/o Tampa General Hospital, P.O. Box 1289, Tampa, FL 33606

Position: Chaplain/Clergy

Employed at: Tampa General Hospital

V. **STATEMENT OF CLAIM**: State what rights under the Constitution, laws, or treaties of the United States have been violated, and be specific. If you intend to allege a number of related claims, set forth each claim in a separate paragraph. Any claim that is not related to the same basic incident or issue must be addressed in a separate Civil Rights Form.

Plaintiff's rights secured by the U.S.Const., Art.1, §§12,23, Fla.Const., Sect. 395.3025 (4)(d) Fla.Stat., 90.505, Fla.Stat, were violated as follows: 1. 4th Amend. privacy right to be secure in his person, house, paper, and effects; 2. 5th Amend. to be free of self-incrimination; 3. 14th Amend. to Due Process of Law. These rights were violated by the deliberate, willful, and wanton acts of Hospital staff, Hospital clergy, and police, where confidential information of medical records and privilege communications were used to bring criminal action against Plaintiff without warrant, subpoena, and notice, and without this information Plaintiff would not have been convicted.

VI. **STATEMENT OF FACTS**: State as briefly as possible the FACTS of your case. Describe how each defendant was involved. **Do not make any legal arguments or cite any cases or statutes.** State with as much specificity as possible the facts in the following manner:

1. Name and position of person(s) involved.
2. Date(s).
3. Place(s).
4. Fact(s) or event(s) giving rise to your claim, including involvement of each defendant.
5. Nature and extent of injury (i.e., physical injury or how you were harmed by the acts of the defendant[s]).

1. Detective, Moises Garcia, On November 17, 2009, and of the Hillsborough County Sheriff's Office, while in his Individual and Official Capacity, and acting under color of State law, (twice) violated the Plaintiff's rights secured by the U.S.Const. when he arrived at Tampa General Hospital Emergency Room where Plaintiff was being treated for a stab wound to his abdomen, where Det. Garcia asked (as alleged in his report) medical staff a verbal question pertaining to the Plaintiff's confidential medical records. The second violation was when the Det. Garcia freely obtained Plaintiff's confidential medical chart information.

Statement of Facts, continued:

from a hospital area without warrant, subpoena, and notice to the Plaintiff, but Det. Garcia left a business card, and Plaintiff was not informed until criminal charges were brought against the Plaintiff, and in his criminal trial. There was not enough evidence that was not circumstantial in the case against the Plaintiff and Det. Garcia did not act in good faith when he illegally obtained confidential records and information belonging to Plaintiff.

2. Sheriff's Deputy, Victor M. DeJesus-Miranda, on November 17, 2009, and of the Hillsborough County Sheriff's Office, while in his Individual and Official Capacity, and acting under color of State law, (Thrice) violated the Plaintiff's rights secured by the U.S. Const. when he arrived at Tampa General Hospital Emergency Room where Plaintiff was being treated for a stab wound to his abdomen. The first violation occurred where Deputy DeJesus-Miranda (as alleged in his report) obtained Plaintiff's confidential medical information from medical chart number 17109406 from a hospital area without warrant, subpoena, and notice to the Plaintiff. The Second violation occurred when Deputy DeJesus-Miranda questioned medical staff and obtained confidential information pertaining to pain control medication given to the Plaintiff. The Third violation occurred when Deputy DeJesus-Miranda placed handcuffs on the Plaintiff and attached them to the bed, automatically placing him in custody and without the

Statement of Facts, continued:

benefit of being read his rights, yet obtaining statements to use against the Plaintiff in a criminal action, where the circumstantial information would not have been substantial enough for a conviction of the Plaintiff. Deputy DeJesus-Miranda was not acting in good faith when he illegally obtained confidential records, information, and statements belonging to the Plaintiff.

3. Sheriff, David Gee, on November 17, 2009, of the Hillsborough County Sheriff's Office, while acting in his Individual and Official Capacity, and under the color of State law, was responsible for the actions of Detective Moises Garcia and Deputy Victor M. DeJesus-Miranda when he allowed them to violate the Plaintiff's rights secured by the U.S. Const. Sheriff David Gee was aware of the actions of those employed under his authority and he willfully and knowingly allowed Detective Moises Garcia and Deputy DeJesus-Miranda to bring criminal action against the Plaintiff with the use of the Plaintiff's confidential medical information, records, and statements illegally obtained without a warrant, subpoena and notice being served to the Plaintiff that any of that information was being used in the violation of the Plaintiff's rights.

4. The Emergency Room Staff, on November 17, 2009, acting as employees of Tampa General Hospital in their Individual and Official Capacity and under the color of state law, violated Plaintiff's rights

Statement of Facts, continued:

secured by the U.S. Const. (thrice). The first violation occurred by verbal submission to the police in answering questions pertaining to Plaintiff's confidential medical records. The second violation occurred when medical staff neglected to conceal Plaintiff's confidential medical records and left them unattended, providing police and anyone else access to this information, that was used against the Plaintiff in a criminal action. The third violation occurred where the Hospital clergy, Chaplain, Miguel Santamaria provided confidential statements of the Plaintiff obtained by him during a spiritual counseling session, which was turned into a written report that was also used against the Plaintiff in the criminal action against him. Tampa General Hospital Staff were not acting in good faith and in the best interest of their patient during the incident and seems they have not been propely instructed by their superiors.

5. Chaplain, Miguel Santamaria, on November 17, 2009, as an employee of Tampa General Hospital, while in his Individual and Official Capacity, and acting under color of state law, violated the Plaintiff's rights secured by the U.S. Const. The Plaintiff was being treated for a stab wound to his abdomen when the Hospital's Chaplain, Miguel Santamaria came in an initiated a private conversation with the Plaintiff, which was understood to be spiritual guidance and assumed to be confidential. Instead of giving spiritual

guidance, the Chaplain, Miguel Santamaria was acting as an agent for the state by gathering information from the Plaintiff in which the Chaplin, Miguel Santamaria used for his taped interview with the police, his written report he submitted to the police, and then testified against the Plaintiff in a criminal trial. Chaplain, Miguel Santamaria violated the Plaintiff's privilege against self-incrimination, without giving the Plaintiff any warning that his statements would be disclosed to the police to be used against him in a criminal action, or that the conversation was anything other than a privileged communication, where the privilege belonged to the Plaintiff and not Chaplain, Miguel Santamaria.

Due to these unauthorized events, Plaintiff was convicted of Attempted Murder and sentenced to life in prison. Plaintiff has suffered loss of his career with the Department of Homeland Security, loss of his freedom and livelihood, loss of contact with his children, and the irreversible defamation to his character due to the widely publicized case against him. Plaintiff also continues to suffer the mental and emotional trauma brought on by all of these violations to his rights secured by the U.S. Constitution.

VII. **RELIEF REQUESTED**: State briefly what you want the Court to do for you. Again, do not make any legal arguments or cite any cases or statutes.

The relief Plaintiff seeks is to have this Honorable Court grant

this Complaint and order a Jury Trial. The five Defendant's listed are the proximate cause for the Plaintiff's rights being violated, and the Plaintiff is seeking $100,000.00 from each of the named Defendants, plus all costs and fees related to this suit and any additional remedy this Honorable court deems sufficient in compensatory and punitive damages caused by these five Defendants to the Plaintiff.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Signed this 12 day of MARCH, 2014.

_CHRISTOPHER P. HARNEY_

(Signatures of all Plaintiffs)

### IF MAILED BY PRISONER:

I declare (or certify, verify, or affirm) under penalty of perjury that this complaint was (check one): ☑ delivered to prison officials for mailing or ☐ deposited in the prison's internal mail on: the 12 day of MARCH, 20 14.