# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

CHRISTOPHER P. HANNEY,

    Plaintiff,

-vs-                                            Case No.  8:13-cv-2928-T-30MAP

MOISES GARCIA, et al.,

    Defendants.
_____/

## ORDER

Before the Court is Plaintiff's May 13, 2014 letter to the Clerk of the Court (CV Dkt. 12) which the Court construes as a motion pursuant to Rule 4(c)(3), Fed. R. Civ. P., to direct the United States Marshal or another person specially appointed by the Court to serve process on Defendants Miguel Santamaria and the Board of Directors of Tampa General Hospital.[1] Plaintiff alleges that he mailed waiver of service forms to these Defendants, but Defendants have not returned the forms to him.

Because Plaintiff is neither proceeding *in forma pauperis* in this action nor a seaman, Rule 4(c)(3) provides that "[a]t the plaintiff's request, the court *may* order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court."[2] (emphasis added).  Therefore, it is within the Court's discretion whether to order

---

[1] Defendants Garcia, Gee, and DeJesus-Miranda waived service of process (see Dkt. 13).

[2] Rule 4(c)(3) states that a court *must* do so if the plaintiff is proceeding *in form pauperis* under 28 U.S.C. § 1915 or as a seaman pursuant to 28 U.S.C. § 1916.

service by the United States Marshal's Service. *See* Adv. Comm. Notes to 1993 Amendments ("The court also retains discretion to appoint a process server on motion of a party.").

The Advisory Committee Notes to the 1993 Amendments provide in pertinent part that "[i]f a law enforcement presence appears to be necessary or advisable to keep the peace, the court should appoint a marshal or deputy or other official person to make the service." Plaintiff has not alleged or shown that this is a situation where law enforcement should serve process in order to keep the peace.

Plaintiff is responsible for service of process in this case. He has not explained why he needs the Marshal's Service to serve Defendants. Further, he has not alleged that he has attempted to obtain a process server to serve Defendants, or explained why he cannot serve Defendants through other methods.

Therefore, the Court declines at this time to exercise its discretion to order service be made by the United States Marshal's Service or by a person specially appointed by the Court.

Accordingly, the Court **ORDERS** that:

1. Plaintiff's construed motion (Dkt. 12) is **DENIED** without prejudice to Plaintiff refiling the motion if his efforts to serve Defendants are unsuccessful.

2. The **Clerk of Court** is directed to return the summonses and service copies of the Second Amended Complaint to Plaintiff with his copy of this order.

3. Plaintiff shall serve a copy of the Second Amended Complaint and summons in accordance with Rule 4, Fed.R.Civ.P.

**DONE** and **ORDERED** in Tampa, Florida on May 27, 2014.

                                                          _____
                                                          JAMES S. MOODY, JR.
                                                          UNITED STATES DISTRICT JUDGE

SA:sfc
Copy to: Plaintiff *pro se*